UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                            Plaintiff,<br><br>   v.<br><br>JOHN DOES 1 THROUGH 19,<br><br>                           Defendants. | Civil No.   12CV1049-LAB (BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[DOC. NO. 4]** |

    The Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference ("Motion") was filed on April 30, 2012. (Doc. No. 4.) The Motion was accompanied by a Memorandum of Points and Authorities, declarations and exhibits. (*Id*.) Because no Defendant has been named or served, no opposition or reply briefs have been filed.

    Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the Motion suitable for decision without oral argument. For the reasons discussed below, the Motion is **GRANTED**.

    **I.    PROCEDURAL HISTORY**

    Plaintiff, Malibu Media, LLC ("Plaintiff") filed a Complaint against Does 1 through 19 ("Defendants") on April 30, 2012. (Doc. No. 1.) Plaintiff purports to be the registered owner of, or has applied to obtain the registration for 107 movies contained on a website. (Compl. at 2, 4; Doc. No. 1.) First, Plaintiff alleges copyright infringement, stating that Defendants reproduced and distributed Plaintiff's copyrighted material through the internet without authorization. (*Id*. at 9.) Second, Plaintiff

pleads contributory copyright infringement, alleging that by participating in a BitTorrent swarm, each Defendant induced, caused or materially contributed to the infringing conduct of each other Defendant. (*Id*. at 10-11.)

On April 30, 2012, Plaintiff filed this Motion in order to learn the identities of the Doe Defendants from their respective Internet Service Providers ("ISPs"). (Pl.'s Mem. P.&A. at 2; Doc. No. 4.) Specifically, Plaintiff seeks leave of court to serve Rule 45 subpoenas on the ISPs in order to discover the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address of each Defendant to whom the ISP issued an IP address. (*Id*.) In support of the Motion, Plaintiff attached Tobias Fiesler's ("Fiesler") declaration. (Decl. Fiesler; Doc. No. 4-1.) Fiesler identified the Internet Protocol ("IP") addresses that were used to reproduce, distribute, display or perform Plaintiff's copyrighted works without authorization. (*Id*. at 2.) Attached to Fiesler's declaration is an exhibit listing the IP addresses, the date the IP addresses were used to infringe Plaintiff's copyrighted works, and location of the IP addresses when they were accessing the BitTorrent network. (Decl. Fiesler, Ex. B; Doc. 4-3.)

## II. FACTUAL ALLEGATIONS

The Complaint alleges that the 19 Doe Defendants collectively infringed its copyrighted work using BitTorrent file sharing protocols. (Compl. at 4; Doc. No. 1.) The Defendants are purportedly a collection of "BitTorrent peers" whose computers connect for the purpose of downloading and uploading a computer file in what is commonly called a "swarm." (*Id*. at 6-7.) Plaintiff alleges that each of Defendants' IP addresses participated in a swarm that distributed Plaintiff's copyrighted file identified by the unique hash number 625659538761601BE56B75C3D1DF1053A7C8BB28 ("Unique Hash Number"). (*Id*.)

## III. LEGAL STANDARDS

Generally, discovery is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). Yet, "in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642

(9th Cir. 1980)).  Courts grant these requests when the moving party shows good cause for the early discovery.  *Semitool, Inc. v. Tokyo Elec. Am., Inc.,* 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  *Gillespie,* 629 F.2d at 642.  A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion.  *Columbia Ins. Co.*, 185 F.R.D. at 578.

District courts apply a three-factor test when considering motions for early discovery to identify certain defendants.  *Id*. at 578-80.  First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court."  *Id.* at 578.  Second, the movant must describe "all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant.  *Id.* at 579.  Third, plaintiff should establish that its suit against the defendant could withstand a motion to dismiss.  *Id.*  "[T]o prevent abuse of this extraordinary application of the discovery process and to ensure that the plaintiff has standing," plaintiff must show that some act giving rise to liability actually occurred and that the discovery is aimed at identifying the person who actually committed the act.  *Id*.  at 579-80.

**IV.    DISCUSSION**

Plaintiff seeks an order permitting it to subpoena the Doe Defendants' ISPs in order to learn Defendants' true identities and serve them with the Complaint.  Specifically, Plaintiff seeks to subpoena three ISPs—Cox Communications, Road Runner and Verizon Internet Services—to identify the subscribers of the assigned IP addresses listed in Exhibit B to Fiesler's declaration.  (Decl. Fiesler, Ex. B; Doc. No. 4-3.)  All 19 of the IP addresses that Plaintiff lists in Exhibit B are allegedly located in California; 18 of the Doe Defendants are allegedly located within San Diego County.  (*Id.*)

**A. Identification of Missing Parties with Sufficient Specificity**

First, Plaintiff must identify the Doe Defendants with enough specificity to enable the Court to determine that the defendant is a real person or entity who would be subject to the jurisdiction of this

Court. *Columbia Ins. Co.*, 185 F.R.D. at 578. In its Motion, Plaintiff asserts it properly pleads a cause of action for copyright infringement against each Doe Defendant, that there is no other way to obtain Defendants' true identities because only the ISP can correlate the IP address used by one of its subscribers to a real person, and without learning Defendants' true identities, Plaintiff will not be able to serve them with process and proceed with this case. (Pl.'s Mem. P.&A. at 6; Doc. No. 4.)

Some district courts in the Ninth Circuit have determined that a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using "geolocation technology" to trace the IP address to a physical point of origin. *See Openmind Solutions, Inc. v. Does 1-39*, No. C-11-33-11 MEJ, 2011 U.S. Dist. LEXIS 116552, at *5-6 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't v. Does 1-46*, No. C-11-02263 HRL, 2011 U.S. Dist. LEXIS 65614, at *6-7 (N.D. Cal. June 21, 2011). Others have found that merely identifying the IP addresses assigned to the defendants on the day of the purported infringement is sufficient to satisfy the first factor. *See MCGIP, LLC v. Does 1-149,* No. C-11-02331 LB, 2011 U.S. Dist. LEXIS 85363, at *4-5 (N.D. Cal. Aug. 15, 2011) (opinion by Judge Beeler); *First Time Videos LLC v. Does 1-37*, No. C-11-01675 LB, 2011 U.S. Dist. LEXIS 42376, at *5 (N.D. Cal. April 14, 2011) (opinion by Judge Beeler).

This Court, like other courts in this district, finds the former standard persuasive. *See 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash,* No. 12-CV-0186 MMA, ECF No. 7, at *8 (S.D. Cal. May 4, 2012) (opinion by Judge Brooks). In this case, Plaintiff filed a chart listing the unique IP address corresponding to each Defendant that copied a piece of Plaintiff's copyrighted works identified by the Unique Hash Number, as well as the city and state where each IP address is located. (Decl. Fiesler, Ex. B; Doc. No. 4-3.) Consequently, Plaintiff has identified the Doe Defendants with sufficient specificity and satisfies the first factor of the test for permitting early discovery.

**B. Previous Attempts to Locate Defendants**

Next, Plaintiff must identify all previous steps taken to identify the Doe Defendants in a good faith effort to locate and serve them. *See Columbia Ins. Co.*, 185 F.R.D. at 579. Plaintiff states that "there is no other way to obtain Defendants' identities, except by serving a subpoena on Defendants' ISPs." (Pl.'s Mem. P.&A. at 5; Doc. No. 4.) Plaintiff hired a forensic investigation service, IPP,

Limited, to identify the IP addresses that were used by Defendants to reproduce, distribute, display or perform Plaintiff's copyrighted works. (Decl. Fiesler at 2, Doc. No. 4-1.) According to Fiesler, "only the ISP to whom a particular IP address has been assigned for use by its subscriber can correlate the IP address to a real person, the subscriber of the internet service." (*Id.*) Accordingly, Plaintiff appears to have investigated and obtained the data pertaining to the alleged infringements in a good faith effort to locate each Doe Defendant. *See Digital Sin, Inc. v. Does 1-5698*, No. C-11-04397 LB, 2011 U.S. Dist. LEXIS 128033, at *5 (N.D. Cal. Nov. 4, 2011); *Openmind Solutions,* 2011 U.S. Dist. LEXIS 116552, at *5; *Pink Lotus Entm't*, 2011 U.S. Dist. LEXIS 65614, at *7; *MCGIP*, 2011 U.S. Dist. LEXIS 85363, at *5.

C. **Ability to Withstand a Motion to Dismiss**

Lastly, to be entitled to early discovery, Plaintiff must demonstrate that its complaint can withstand a motion to dismiss. *See Columbia Ins. Co.*, 185 F.R.D. at 579.

1. Stating a Claim Upon Which Relief Can Be Granted

The pending Motion maintains that Plaintiff has exceeded its obligation to plead a prima facie case of copyright infringement. (Pl.'s Mem. P.&A. at 4-5; Doc. No. 4.) The Complaint alleges that Plaintiff is the owner of the copyrights for the works at issue, that by using the BitTorrent protocol and process described, each Defendant copied a piece of Plaintiff's copyrighted works identified by the Unique Hash Number. (Compl. at 8-9, Doc. No. 1.)

2. Lack of Personal Jurisdiction

The Plaintiff bears the burden of establishing jurisdictional facts. *See Columbia Ins. Co.*, 185 F.R.D. at 578. In its Motion, Plaintiff does not discuss whether this Court has personal jurisdiction over the Doe Defendants. In its Complaint, however, Plaintiff alleges that each of the Defendants' acts of copyright infringement occurred using an IP address traced to a physical address located within California. (Compl. at 2; Doc. No. 1.) Accordingly, Plaintiff has alleged sufficient facts to show that it is likely it can withstand a motion to dismiss for lack of personal jurisdiction because all of the Doe Defendants have an IP address that was traced to a location in California. *See 808 Holdings,* No. 12-CV-0186 MMA; *but see also Celestial Inc. v. Swarm Sharing Hash,* No. CV 12-00204 DDP (Ssx), 2012 U.S. Dist. LEXIS 41078, at *5-6 (C.D. Cal. Mar. 23, 2012) (denying request for early discovery because

the complaint could not withstand a motion to dismiss for lack of personal jurisdiction even though all of the IP addresses were located in California).

### 3. Improper Venue

In the same vein, Plaintiff has not shown that its Complaint can survive a motion to dismiss for improper venue as to the Doe Defendant with an IP address outside this judicial district. (*See* Pl.'s Mem. P.&A, Ex. B; Doc. No. 4-3.) Doe 19's IP address is located in Palm Desert, California—a city within the jurisdiction of the Central District of California.

Plaintiff alleges that venue in this district is proper as to all Defendants under 28 U.S.C. §§ 1391(b) and(c), 1400(a). (Compl. at 3; Doc. No. 1.) "The venue of suits for infringement of copyright is not determined be the general provision governing suits in the federal district courts, rather by the venue provision of the Copyright Act." *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. 2007). Civil actions for copyright infringement "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C.A. § 1400(a) (West 2006). An individual "resides" for venue purposes in the district of his domicile. 17 James Wm. Moore, et al., *Moore's Federal Practice*, § 110.39[2], at 110-76 (3d ed. 2011). A defendant is "found" for venue purposes where he is subject to personal jurisdiction. *Id.* (footnote omitted); *see Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010) ("This circuit interprets [28 U.S.C. § 1400(a)] to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction.").

Plaintiff fails to address venue in its Motion. In the Complaint, however, Plaintiff asserts venue is proper because although the true identities of the Defendants are unknown, "on information and belief, each Defendant may be found in this District and a substantial part of the infringing acts complained of occurred in this District." (Compl. at 3, Doc. No. 1.) However, only 18 of the 19 Defendants have IP addresses in the Southern District of California. It appears that venue in this judicial district would be improper for the Defendant located outside of this district. *See 808 Holdings,* No. 12-CV-0186 MMA. Thus, it is unclear whether Plaintiff's Complaint can survive a motion to dismiss by the Doe Defendant not located in the Southern District of California.

///

///

### V.     CONCLUSION

Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference [Doc. No.4] is **GRANTED** in part and **DENIED** in part. The Plaintiff has made a sufficient showing to satisfy the three-factor test for18 of the 19 Doe Defendants.  For these 18 Defendants, Plaintiff's Motion is **GRANTED.** Plaintiff may serve subpoenas on the ISPs for the 18 Defendants with addresses in this judicial district, seeking identifying information relating to the following "Host IP addresses": (1) 174.65.80.191. (Lakeside, California), (2) 68.101.162.72 (San Diego, California), (3) 68.111.153.253 (Escondido, California), (4) 68.6.172.89 (Oceanside, California), (5) 68.7.142.178 (Santee, California), (6) 68.7.168.77 (Oceanside, California), (7) 70.168.50.99 (San Diego, California), (8) 72.197.54.68 (Oceanside, California), (9) 98.176.175.22 (San Diego, California), (10) 98.176.194.83 (San Diego, California), (11) 24.165.10.191 (San Diego, California), (12) 24.165.8.70 (San Diego, California), (13) 66.91.225.150 (San Diego, California), (14) 75.80.135.204 (San Diego, California), (15)75.80.99.49 (San Diego, California), (16) 76.176.49.43 (Carlsbad, California), (17) 76.93.139.169 (San Diego, California), and (18) 76.96.185.19 (San Diego, California).  (Pl.'s Mem. P.&A., Ex. B; Doc. No. 4-3.) Each subpoena must provide a minimum of <u>forty-five days'</u> (45) notice before any production and shall be limited to one category of documents identifying the particular subscriber or subscribers on the "Hit Date (UTC)" listed on Exhibit B to Plaintiff's Motion. (*Id*.) The requested information should be limited to the name and addresses of each subscriber. Any subpoenaed third party may seek a protective order if it determines there is a legitimate basis for doing so. The ISPs shall have fourteen calendar days after service of the subpoenas to notify the subscribers that their identity has been subpoenaed by Plaintiff. Each subscriber whose identity has been subpoenaed shall then have thirty calendar days from the date of the notice to seek a protective order or file any other responsive pleading. If appropriate, Plaintiff may then serve each individual identified by the ISPs, and made a party to this action, with no more than three interrogatories to determine whether the Internet subscriber is the proper defendant. *See University of Tex. v. Vratil*, 96 F.3d 1337, 1340-41 (10th Cir. 1996) (holding that interrogatories under Rule 33 of the Federal Rules cannot be served on nonparties); *Rubino v. ACME Bldg. Maint.*, No. C08-00696 JW (HRL), 2010 U.S. Dist. LEXIS 10110, at *3-4 (N.D. Cal. Feb. 5, 2010) (same). No depositions are authorized at this time.

With respect to the remaining Doe Defendant, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 12, 2012

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court